**STATE OF MONTANA,**
      **Plaintiff,**                                  **NO. DC 93-094B**
      **vs.**                                            **DECISION**

**Carl Joe Craft,**
      **Defendant.**

On December 15, 1995, it was the finding of the Court that the defendant violated the conditions of his deferred sentence in Cause No. DC 93-094B by committing the offenses of Robbery and Aggravated Burglary between April 18th and April 19th, 1995; and wherefore, it is the order of the Court that in Cause No. DC 93-094B, the defendant's deferred sentence is hereby revoked and the defendant is sentenced to the Montana State Prison for a period of twenty (20) years. Because of the defendant's dismal performance while on probation and the fact that he committed these other two serious offenses, the Court finds that the defendant is not entitled to credit for any time served while on probation. The Court orders that the Robbery and Aggravated

Burglary offenses are to be concurrent with each other, however, said sentences shall run consecutive to the sentence in Cause No. DC 93-094B. The Court further finds that this defendant is a persistent felony offender within the meaning of Section 46-18-501, M.C.A., in that the defendant committed the felony offense of Burglary on September 7, 1993, and less than 5 years have lapsed between that offense and the present offenses, and pursuant to Section 46-18-502, M.C.A., the Court now sentences the defendant to 30 years in the Montana State Prison for being a persistent felony offender. This sentence shall run consecutive to all other sentences herein imposed. As this offense was committed in April of 1995, the Court finds that the defendant is a dangerous offender in that the defendant had committed a felony offense within 5 years of these offenses, and the Court is convinced, based on the pre-sentence report, that the defendant does represent a substantial danger to other persons or society within the meaning of Section 46-18-404, M.C.A. The Court further finds that pursuant to Section 46-23-502, M.C.A., that this defendant is a violent offender in that he committed the offense of Robbery, a felony, and as such is required to register as a violent offender upon release from custody of the Department of Corrections, pursuant to Section 46-23-504 et seq., and shall submit to the collection of a sample of his blood for the State DNA Registration, pursuant to Section 44-6-101 et seq. The Court further finds that the defendant shall be ineligible for parole consideration until he has completed all phases of the anger management and chemical dependency counseling available at the Montana State Prison. The defendant shall comply with all conditions as stated in the December 15, 1995 judgment. The defendant shall be given credit for time served in pre-sentence incarceration of 239 days as of December 15, 1995.

On May 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was represented by Tom Esch, County Attorney from Kalispell.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 23rd day of May, 1996.

DATED this 4th day of June, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Carl Joe Craft for representing himself in this matter and also Tom Esch, County Attorney from Kalispell, for representing the State.